UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ESTHER LATCHER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:08CV1397 RWS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

Petitioner Esther Latcher moves to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. Latcher claims that she received ineffective assistance of counsel when her attorney failed to object to the quantity of heroin attributable to her at sentencing. Latcher also claims the Court erred in sentencing when it attributed to her the entire amount of heroin that was distributed during the conspiracy rather than only the amount that was reasonably foreseeable to her. Because Latcher's attorney's decision not to object was not unreasonable and the Court properly determined the proper amount of heroin attributable to Latcher, I will deny Latcher's motion.

*Background*

On April 12, 2007, Latcher was indicted for conspiracy to distribute and possess with intent to distribute more than one kilogram of heroin. On September 12, 2007, Latcher pleaded guilty to the lesser included offense of conspiracy to distribute and possess with intent to distribute more than 100 grams of heroin. Latcher was initially represented by Kristy Ridings. She was later represented by Mark Byrne at sentencing.

In Latcher's plea agreement, Latcher agreed that she was accountable for more than 100 grams, but less than 400 grams of heroin. Latcher also agreed to waive all rights to contest her

conviction and sentence in any post-conviction proceeding, including one under 28 U.S.C. § 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

On November 30, 2007, Latcher was sentenced. Before sentencing, the United States Office of Probation and Parole provided me with a presentence investigation report. The presentence investigation report recommended a base offense level of 26 based on the amount of heroin Latcher admitted in her plea agreement. The presentence report also recommended a three-level reduction for acceptance of responsibility which resulted in a final total offense level of 23. The report calculated Latcher's Criminal History Category at VI. Latcher's counsel, Mark Byrne, objected to the calculation of Latcher's Criminal History Category of VI and argued that Latcher actually fell into Criminal History Category V. I sustained Byrne's objection.

Based on Latcher's total offense level of 23 and Criminal History Category of V, Latcher's advisory guideline range was 84 to 105 months. After considering the factors in 18 U.S.C. § 3553(a), I sentenced Latcher to imprisonment for a term of 84 months. Latcher did not appeal the judgment, but on September 12, 2008, she filed this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence.

***Discussion***

Latcher suggests she is eligible for post-conviction relief on two bases:

(1) Latcher's counsel was ineffective when he failed to object to the quantity of heroin attributable to her at sentencing; and

(2) the Court erred in sentencing when it attributed to her the entire amount of heroin that was distributed during the conspiracy rather than only the amount that was reasonably foreseeable to her.

I.      *Ineffective Assistance of Counsel.*

The Sixth Amendment establishes the right of the criminally accused to have assistance of counsel in his defense. The Supreme Court's decision in Strickland v. Washington, 466 U.S. 668 (1984), governs ineffective assistance of counsel claims under 28 U.S.C. § 2255. See Caban v. United States, 281 F.3d 778, 781 (8th Cir. 2002). In order for a convicted defendant to prove that his counsel was ineffective, the defendant must first show that counsel's performance was deficient. Strickland, 466 U.S. at 687. To do so, the defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness. Id. at 687–88. Courts should employ a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. Id. at 687. A defendant must also show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. However mechanical these tests may seem, the "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be relied on as having produced a just result." Id. at 686.

To succeed on her ineffective assistance of counsel claim, Latcher must first "show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. "Judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. Id.

Second, Latcher "must show that the deficient performance prejudiced [her] defense." Id. at 687. This requires her to demonstrate that the result of the proceeding would have been

different. Id. at 694. Counsel cannot be ineffective for failing to make a meritless argument. See Rodriguez v. United States, 17 F.3d 225, 226 (8th Cir. 1994).

Latcher has failed to show Byrne's representation of her at sentencing fell below an objective standard of reasonableness because Byrne's decision not to object to the Court's decision to hold Latcher accountable for at least 100 grams, but less than 400 grams of heroin was reasonable. When Latcher entered her guilty plea, she admitted responsibility to at least 100 grams, but less than 400 grams of heroin. A reasonable attorney would not object to the determination that his client was responsible for the amount of heroin that the client had previously admitted responsibility for under oath. Byrne acted as a reasonably competent attorney when he decided not to object to the presentence investigation report's calculation of the amount of heroin attributable to Latcher.

Moreover, even if Latcher's attorney had acted unreasonably when he did not object to the quantity of heroin attributable to her at sentencing, Latcher was not prejudiced by his inaction. When Latcher entered her guilty plea, she stated, while under oath, that she was responsible for more than 100 grams, but less than 400 grams of heroin. Based on Latcher's own admission concerning the amount of heroin attributable to her, I would have held her responsible for more than 100 grams, but less than 400 grams of heroin even if Byrne had objected to the presentence investigation report's calculation of the amount of heroin attributable to Latcher.

As a result, Latcher's counsel was not ineffective.

II.  *District Court Error in Sentencing*

Latcher alleges the Court erred in sentencing when it attributed to her the entire amount of heroin that was distributed during the conspiracy rather than only the amount that was reasonably foreseeable to her.

As an initial matter, I note that Latcher may not raise this argument for the first time in an application for post-conviction relief. "Section 2255 is not a substitute for direct appeal, and matters which could have been raised on appeal will not be considered." United States v. Samuelson, 722 F.2d 425, 427 (8th Cir. 1983). If Latcher wished to raise the issue of the Court's error in sentencing, the proper vehicle would have been a direct appeal. Latcher is barred from raising the issue here.

However, even if Latcher were not barred from raising this argument now, I would reject it because Latcher waived, through her plea agreement with the United States Attorney's Office, her right to appeal any issue other than prosecutorial misconduct and ineffective assistance of counsel. The Court's determination of the quantity of heroin does not fall into either exception. Because Latcher waived her right to bring this claim, and she does not challenge her plea agreement itself, she is barred from bringing it now.

Moreover, I did not estimate the quantity of heroin attributable to Latcher. The quantity attributed to her was the amount Latcher admitted when she entered her guilty plea. Because the quantity was based on the amount of heroin Latcher admitted and not an estimate, I could not have erred in determining that Latcher was responsible for more than 100 grams, but less than 400 grams of heroin.

***Request for an Evidentiary Hearing***

Generally, 28 U.S.C. § 2255 entitles movants to a hearing on the merits of their motion. However, there is a well-established exception to this rule when the record of the case conclusively establishes that the petitioner is entitled to no relief. Hodges v. United States, 368 U.S. 139, 140 (1961); Cheek v. United States, 858 F.2d 1330, 1333 (8th Cir. 1988); United States v. Gann, 807 F.3d 134, 135 (8th Cir. 1986). Because the record is absolutely clear that

Latcher is entitled to no relief, I will not grant her request for an evidentiary hearing on the merits of this motion.

I have also considered whether to issue a certificate of appealability. To grant a certificate of appealability, a court must find a substantial showing of the denial of a federal constitutional right. *See* Tiedman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 878, 882–83 (8th Cir. 1994).

I believe that Latcher has not made a showing on the grounds raised in his motion. Therefore, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Esther Latcher to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 [#1] is **DENIED**.

Dated this 23rd day of March, 2009.

                                                         RODNEY W. SIPPEL
                                                         UNITED STATES DISTRICT JUDGE