UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ESTHER LATCHER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:08CV1397RWS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

On September 12, 2008, Petitioner Esther Latcher moved to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. On March 23, 2009, I denied her motion and denied a Certificate of Appealability. Latcher now again moves this Court for a Certificate of Appealability.

To grant a certificate of appealability, a court must find a substantial showing of the denial of a federal constitutional right. *See* Tiedman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 878, 882–83 (8th Cir. 1994).

I believe that Latcher did not make a showing on the grounds raised in her initial § 2255 motion. She has raised additional grounds in the instant motion.

*A.     Liberal construction*

Latcher requests a Certificate of Appealability on the issue of whether this Court erred by failing to apply the liberal construction doctrine to Latcher's claims and allegations. When an

attorney files a habeas petition on behalf of a client, the petition should cite the legal bases for relief. Jones v. Jerrison, 20 F.3d 849, 853 (8th Cir. 1994). When a habeas petitioner files pro se, the court should construe the petition liberally. Frey v. Schuetzle, 78 F.3d 359, 361 (8th Cir. 1996). The rule of liberal construction means that the petitioner "is not required to identify specific legal theories or offer case citations in order to be entitled to relief." Id. The rule is rooted in the idea that a pro se habeas petitioner should not be required to plead the law. Jones, 20 F.3d at 853.

I construed each of Latcher's legal arguments liberally. As a result, I will deny a Certificate of Appealability on this issue.

*B.    Drug quantity*

Latcher requests a Certificate of Appealability on the issue of whether this Court erred by finding that Latcher's objection to the drug quantity calculation was barred by her admission of the drug quantity in her plea agreement when she characterized the claim as an ineffective assistance of counsel claim. Her characterization of my Memorandum and Order is inaccurate. I fully analyzed her claims regarding ineffective assistance of counsel as it relates to drug quantity.

If Latcher now claims that her admissions were "unknowing and involuntary" at the time of the plea, she should not be granted a Certificate of Appealability on that point either. Although the doctrine of liberal construction applies to pro se habeas claims, the court must "take care not to decide claims upon which the habeas petitioner never intended to seek relief." Frey, 78 F.3d at 360–61. Latcher never challenged the validity of her plea in her § 2255 motion or her reply. Her allegations were limited to sentencing only. Furthermore, at the time of sentencing when the drug quantity calculation was discussed, I offered her the opportunity to withdraw her

plea and she elected not to do so. As a result, I will deny a Certificate of Appealability on this issue.

C.        *Mental evaluation*

Latcher requests a Certificate of Appealability regarding whether this Court should have ordered a mental health evaluation and whether her plea was not knowing and voluntary as a result. Latcher did not raise the issue of the Court's alleged errors relating to Latcher's mental health her § 2255 motion. Additionally, Latcher did not allege her plea was involuntary in her § 2255 motion. As a result, I will deny a Certificate of Appealability on this issue.

D.        *Misapplication of Rita, Gall and Kimbrough*

Latcher requests a Certificate of Appealability relating to several issues concerning application of the advisory guidelines. "Section 2255 is not a substitute for direct appeal, and matters which could have been raised on appeal will not be considered." United States v. Samuelson, 722 F.2d 425, 427 (8th Cir. 1983). Latcher should have raised these issues on direct appeal. As a result, I will not issue a Certificate of Appealability on this issue.

E.        *Knowing and voluntary plea and ineffective assistance of counsel*

Latcher requests a Certificate of Appealability on the issue of whether her counsel's misrepresentations rendered her plea unknowing and involuntary and whether her counsel was ineffective. A court must "take care not to decide claims upon which the habeas petitioner never intended to seek relief." Frey, 78 F.3d at 360–61. Latcher never challenged the voluntary nature of her plea in her § 2255 motion or her reply. She did not allege Ridings, the counsel who negotiated her plea, was ineffective. Her allegations were limited to sentencing only. As a result, I will deny a Certificate of Appealability on this issue.

For the reasons stated here, and for those stated in my March 23, 2009 Memorandum and Order, I believe Latcher has not made a showing on the grounds in her § 2255 motion or in the instant motion.

Accordingly,

**IT IS HEREBY ORDERED** that Esther Latcher's motion for a Certificate of Appealability [#9] is **DENIED**.

Dated this 5th Day of June, 2009.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE